FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

00 JAN 27  AM 10: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARY MALONE,

    Plaintiff,

vs.

                          CASE NO. CV-99-J-1679-NW

JOANNE HARE,
d/b/a JODY'S RESTAURANT,

    Defendant.

ENTERED

JAN 2 7 2000

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment and memorandum brief (doc. 10), filed December 20, 1999, to which the plaintiff did not respond. The court entered a scheduling order on October 4, 1999, attached to which was "Exhibit A - Summary Judgment Scheduling Order" (doc. 5). Under this court's Summary Judgment Scheduling Order, a response to defendant's motion was due on or before January 4, 2000. The plaintiff failed to respond by this deadline. Rather, the plaintiff filed a motion to suspend scheduling order (doc. 11), stating, in essence, that counsel for the plaintiff did not read this court's order of October 4, 1999. The court denied the motion to suspend (doc. 12).

### I. Factual Background

The plaintiff sues on a failure to promote basis, alleging that a male who had been with the employer/defendant less time than she was promoted to a higher paying position and that the job was not offered to her. Complaint at ¶ 8. No opposition having been filed, this court adopts the factual background set forth in the affidavit of William Hare as if set out

13

here in full. This court notes that the position in question was not a promotion, but a less desirable job, involving working nights, hauling out garbage and cleaning restrooms, for which the defendant was willing to pay an increased hourly wage. The plaintiff had previously been asked to work nights and had refused. *See* affidavit of Hare, attached to defendant's memorandum in support.

The plaintiff filed an EEOC charge against the defendant on these grounds in February, 1998. In November 1998, the plaintiff was terminated for walking away from her job and clocking herself out to talk to a friend, in spite of being told if she did not return to work she would be terminated. *Id.*

## II.  Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the

initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v.  Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249.

3

### III. Legal Analysis

The plaintiff alleges that her failure to receive a promotion was due to sex discrimination, in violation of Title VII and 42 U.S.C. § 1981 and that she was terminated in retaliation for her filing of an EEOC charge against her employer. Because the plaintiff has offered no direct proof of such discrimination, the evidence of discrimination before this court is wholly circumstantial in nature. When evidence of discrimination is circumstantial in nature, the Supreme Court has fashioned a three prong test for focusing the court's examination of the evidence and allegations. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981); *Busby v. City of Orlando*, 931 F.2d 764, 777 (11th Cir.1991). First, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527 (11th Cir.1997). Meeting this burden creates a presumption of discrimination. *Combs*, 106 F.3d at 1528.

Assuming the plaintiff meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir. 1996). The defendant can feasiblely present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted. *Brown v. American Honda Motor Co., Inc.,* 939 F.2d

4

946, 950 (11th Cir.1991), *cert. denied*, 502 U.S. 1058 (1992) (quoting *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590. 596 (11th Cir.1987).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094 and n. 10.[1]  The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris*, 99 F.3d at 1083.

In a "failure to promote case" such as this, the plaintiff meets her prima facie burden of proof by establishing that (1) she is a member of a protected class; (2) she was qualified for the position for which she applied; (3) she was not selected for the position; and (4) the selected individual was a male with equal or lesser qualifications. *McDonnell Douglas Corp.*, 411 U.S. at 804, 93 S.Ct. at1824; *Walker v. Mortham,* 158 F.3d 1177, 1186 (11th Cir.1998). The plaintiff has failed to meet her *prima facie* burden for several reasons. First, the plaintiff presented no evidence that she applied for or would have accepted this position had it been offered to her. Second, the plaintiff failed to establish that this was a promotion of any type. The evidence before this court is that this position included duties that William

---

[1]The disappearance of the presumption does not compel summary judgment in favor of a Title VII defendant. The ultimate question remains the same: whether the plaintiff can persuade the trier of fact that she has been the victim of intentional discrimination. *See Howard v. BP Oil Co.*, 32 F.3d 520, 525 (11th Cir. 1994).

Hare no longer wished to do himself as well as working one night a week as the cook, which plaintiff had refused to do in the past. Thirdly, the plaintiff failed to show that the man who filled this newly created position was less qualified than she. The defendant alleges that the male employee actually had more cooking experience than the plaintiff.

Even assuming that the plaintiff had met her *prima facie* case, the defendant has shown a legitimate, non-discriminatory reason for not selecting the plaintiff. *See e.g. EEOC v. Reichhold Chemicals*, 988 F.2d 1564, 1570 (11th Cir.1993); *Brown v. American Honda Motor Co., Inc.*, 939 F.2d at 950. The defendant states that the plaintiff had refused to fill in for the night cook before, so no logical reason to ask her to do so again existed. *See Harris,* 99 F.3d at 1084 (stating that the defendants in Title VII cases may prove as an affirmative defense that they would have reached the same employment decision even in the absence of bias); citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 246, 109 S.Ct. 1775, 1788, 104 L.Ed.2d 268 (1989). *See also Olafson v. Dade County School Board*, 651 F.2d 393, 395 (11th Cir. 1981) ("It was ... incumbent on the plaintiff ... to prove she was the 'victim of intentional discrimination'").

This court finds that the plaintiff's past refusal to fill in as the night shift cook was a legitimate, non-discriminatory reason that the plaintiff was not selected for the night cook position. Thus, the burden shifts back to the plaintiff to show that the defendant's proffered reasons for her non-promotion are pretextual. *Burdine*, 450 U.S. at 256, 1001 S.Ct. at 1095.

The plaintiff, having failed to respond to the motion for summary judgment, has failed to meet this burden. *See Walker,* 158 F.3d at 1192-93 (stating that the plaintiff must offer

evidence in support of her position that she was the most qualified).  The plaintiff offers no evidence that defendant harbored any sex-based animus or even any animus against the plaintiff specifically.

Even if this court assumes that the plaintiff's claims that she was more qualified for the position, and that said position was a promotion are correct, Title VII does not require an employer to promote the most qualified applicant, nor does it require that any particular candidate be given preference over other candidates because of race or sex. *Smith v. Horner*, 839 F.2d 1530, 1538 (11th Cir.1988).

The plaintiff must produce sufficient evidence to raise a genuine issue of fact as to whether the employer's stated reasons for not promoting her are pretextual or unworthy of credence. *Combs*, 106 F.3d 1538.  A stated reason cannot be "pretextual" unless the plaintiff shows that the reason was false and that discrimination was the real reason for the employer's adverse action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2751 (1993).  The court finds that the plaintiff has failed in her burden to prove that a promotion existed and that the defendant's reasons for not promoting her were pretexts for discrimination.

The plaintiff also makes a claim that she was terminated because she engaged in protected activity, namely her filing of an EEO charge. Again, to establish a prima facie case of retaliation for engaging in protected activity, the court must use the *McDonnell-Douglas* burden shifting standard, discussed in detail, *supra*.  The plaintiff must show that she (1) engaged in Title VII protected activity; (2) an adverse employment action occurred; and (3)

7

a causal connection between the protected activity and the adverse employment action exists. *Sullivan v. National Railroad Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir.1999).

Filing an EEO complaint clearly constitutes engaging in protected activity. The defendant however, argues that the plaintiff cannot show a causal connection between the protected activity and her termination, because the of the numerous months which passed between the two events. The plaintiff filed her EEOC complaint in February, 1998. She was terminated in November, 1998, after several warnings and incidents of insubordination.

Based on a consideration of the above, this court finds that the plaintiff has failed to meet her burden of establishing that she was subjected to sex discrimination or retaliation. However, even assuming this court found that the plaintiff had made out a *prima facie* case of sex discrimination or retaliation, the court finds that the defendant established nondiscriminatory reasons for its actions. The plaintiff has not provided any evidence that the reason stated by the defendant for the failure to promote was pretextual. As such, plaintiff has not met her burden to proceed past a motion for summary judgment. *See Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095 ("The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision").

## V. Conclusion

In consideration of the foregoing, the court can find no evidence that the plaintiff was not promoted because of her sex or terminated for engaging in protected activity. Thus, the court finds no genuine issue as to any material fact.

8

Therefore, the Court **GRANTS** the defendant's motions for summary judgment on all counts of the complaint. This case is **DISMISSED** with **PREJUDICE**. Each party is to bear its own costs.

  **DONE** and **ORDERED** this the _____ ᗺ7 day of <u>January</u>, 2000.

            _____

            INGE P. JOHNSON

            UNITED STATES DISTRICT JUDGE